# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF: HELIX ELECTRIC, INC., a California corporation, <br><br> Plaintiff, <br> v. <br> KISAQ RQ 8A 2JV, a joint venture; FEDERAL INSURANCE COMPANY, a New Jersey corporation; and WESTERN SURETY COMPANY, a South Dakota corporation, <br><br> Defendants | CASE NO. 15cv1024-WQH-KSC <br><br> ORDER |
| KISAQ RQ 8A 2JV, a joint venture, <br><br> Counter Claimant, <br> v. <br> UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF: HELIX ELECTRIC, INC., a California corporation; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA; and ROES 1 through 10, inclusive, <br><br> Counter Defendants. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss this action for lack of federal jurisdiction filed by Counter-Defendant United States of America for the Use and Benefit of Helix Electric. Inc. ("Helix"). (ECF No. 54).

## I. BACKGROUND

On May 7, 2015, the United States of America for the Use and Benefit of Helix Electric, Inc. ("Helix") initiated this action by filing a Complaint against the KISAQ RQ 8A 2JV ("JV"), Federal Insurance Company, and Western Surety Company. (ECF No. 1). The Complaint alleges the following claims for relief: (1) breach of subcontract against the JV, (2) recovery under the Miller Act Payment Bond against Federal Insurance and Western Surety, and (3) quantum meruit against the JV. *Id.* The Complaint alleges, "Jurisdiction in this matter is conferred under 40 U.S.C. sections 3131-3134 (Miller Act). The Court has pendent and supplemental jurisdiction over the state law claims alleged in the Complaint pursuant to 28 U.S.C. section 1367." (ECF No. 1 at 1).

On August 10, 2015, the JV, Federal Insurance, and Western Surety collectively filed an Answer. (ECF No. 8 at 1-8). The JV also brought a counterclaim alleging breach of subcontract against Helix. Further, the JV alleged a counterclaim for recovery under performance and payment bond against Travelers Casualty & Surety Company of America ("Travelers"). (ECF No. 8 at 9-18).

On October 31, 2016, Federal Insurance, the JV, and Western Surety filed a motion for partial summary judgment and summary judgment. (ECF No. 25). The JV, Federal Insurance, and Western Surety moved for summary judgment as to the three causes of action alleged by Helix in Helix's complaint and the JV moved for partial summary judgment as to liability on the JV's counterclaim for breach of subcontract arising from the Helix's alleged (1) failure to adequately staff the project, (2) abandonment of the project, and (3) defective work. *Id.*

On February 24, 2017, the Court heard oral argument on the motion for summary judgment and partial summary judgment. During oral argument, Helix moved to dismiss Helix's Complaint against the JV, Federal Insurance and Western Surety with prejudice. The Court orally granted the motion and dismissed the Complaint against the JV, Federal Insurance, and Western Surety with prejudice.

On April 10, 2017, the Court issued an order stating

> IT IS HEREBY ORDERED that the JV's motion for partial summary judgment (ECF No. 25) as to liability on its counterclaims against Helix is GRANTED as to liability on the breach of subcontract arising from Helix's abandonment of the project and defective work on the end line splices and crimping conditions and otherwise DENIED.
>
> IT IS FURTHER ORDERED that Helix's complaint against the JV, Federal Insurance, and Western Surety is dismissed with prejudice. (ECF No. 1). The motion for summary judgment filed by the JV, Federal Insurance, and Western Surety (ECF No. 25) as to the causes of action alleged in Helix's complaint is DENIED as moot.

(ECF No. 50). The Court granted summary judgment to the JV on its breach of subcontract counterclaim arising from Helix's abandonment of the project and defective work on the end line splices and crimping conditions as to liability only; the Court has not yet made any ruling as to damages relating to these issues. The following causes of action, which were not resolved on summary judgment, also remain pending before the Court: the JV's counterclaim against Travelers for recovery under performance and payment bond and the JV's counterclaim against Helix for breach of subcontract arising from Helix's failure to adequately staff the project.

## II. CONTENTIONS OF THE PARTIES

Helix contends that this action should be dismissed in its entirety for lack of jurisdiction.[1] (ECF No. 54). Helix contends that there is no diversity between the parties and the only federal claim in this action, the Miller Act claim, has been dismissed with prejudice. *Id.* at 4-5. Helix contends that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. Helix contends that there is no reason for this Court to retain jurisdiction because only state law claims remain and "principles of comity are well-served by allowing the state courts to resolve claims solely of state law." *Id.* at 6. Helix contends that there will be "minimal redundancy or waste of judicial resources if this case is dismissed" at this stage in the proceedings. *Id.* at 9. Helix contends that the JV has failed to satisfy its burden to

---

[1] Helix request for judicial notice of certain facts and documents is denied as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

establish jurisdiction under the federal enclave doctrine. (ECF No. 62 at 6). Helix contends that the principle behind federal enclave jurisdiction of ensuring that no area is left without laws regulating private rights is inapplicable where the dispute centers around a contract in which the parties voluntarily subject themselves to California law. *Id.* Helix contends that federal enclave jurisdiction does not apply because MCAS Cherry Point is not the locus where the breach of contract claim arose. *Id.* at 7. Further, Helix contends that portions of MCAS Cherry Point are not a federal enclave. *Id.* at 8.

The JV contends that this motion is "an attempt to forum shop and seek a re-start of this matter" due to Helix's failure to diligently litigate the case and various rulings against it. (ECF No. 59 at 1). The JV contends that the Court should exercise supplemental jurisdiction over the remaining claims in order to ensure fairness, promote judicial economy, and discourage forum-shopping. *Id.* at 2. The JV contends that Helix is "trying to frustrate the potential enforcement of a judgment against it" and that dismissal would be "extremely unfair" to the JV given the late stage and posture of this case. *Id.* at 10. The JV further contends that the Court properly has federal question jurisdiction under 28 U.S.C. § 1331 through federal enclave jurisdiction. The JV contends that MCAS Cherry Point is a federal enclave and district courts properly have jurisdiction "over disputes arising therefrom." *Id.* at 6.

**III. DISCUSSION**

Pursuant 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims . . . ." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims

over which the district court has original jurisdiction,
       (3) the district court has dismissed all claims over which it has original jurisdiction, or
       (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). In deciding whether to exercise supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. USDC for the Cent. Dist. of Calif.*, 24 F.3d 1545, 1557 (9th Cir. 1994) (internal quotations omitted).

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citing *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). "However dismissal of the remaining state law claims is not 'mandatory.'" *Id.* (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7).

The remaining causes of action arise under state law.[2] The Court has granted partial summary judgment in favor of the JV on its breach of subcontract counterclaim against Helix as to liability arising from certain defective work and from abandonment of the project; however, the Court has not issued a ruling on the related damages. Further, the Court has not issued any ruling on the portion of the breach of subcontract counterclaim related to Helix's alleged failure to adequately staff the project. The Court concludes that factors of judicial economy, fairness, and convenience to the parties weigh in favor of the Court retaining jurisdiction in order to resolve counterclaims in

---

[2] Because the Court resolves this motion on other grounds, it does not reach any conclusion on whether federal enclave jurisdiction provides a separate basis for federal jurisdiction.

which the Court has previously entered an order determining liability on certain issues. The Court will continue to exercise supplemental jurisdiction over the state law claims remaining in this action. *See Satey*, 521 F.3d at 1081.

**IV. CONCLUSION**

IT IS HEREBY ORDERED THAT the motion to dismiss for lack of jurisdiction is DENIED. (ECF No. 54).

DATED: November 9, 2017

**WILLIAM Q. HAYES**
United States District Judge