UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of HELIX ELECTRIC, INC., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KISAQ RQ 8A 2JV, a joint venture; FEDERAL INSURANCE COMPANY, a New Jersey corporation; WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>　　　　　　　　　　Defendants. | Case No.: 15cv1024-WQH-KSC<br><br>**ORDER** |
| KISAQ RQ 8A 2JV, a joint venture,<br><br>　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>UNITED STATES OF AMERICA for the use and benefit of HELIX, ECLECTRIC, INC., a California corporation; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA; and ROES 1 through 10,<br><br>　　　　　　　　　　Counter Defendants. | |

HAYES, Judge:

On May 30, 2018, KISAQ-RQ 8A 2JV, Federal Insurance Company, and Western Surety Company filed a Notice of Withdrawal of Ford, Walker, Haggerty & Behar and Mary B. Pendleton as counsel for KISAQ-RQ 8A 2JV, Federal Insurance Company, and Western Surety Company (collectively, "KISAQ-RQ"). (ECF No. 74). The Court construes this filing as a motion to withdraw as counsel. A pretrial conference is set in this case for June 1, 2018.

KISAQ-RQ contends,

> Withdrawal will neither prejudice KISA-RQ nor delay trial, as KISAQ-RQ has been and will continue to be represented by co-counsel David E. Nemeth, Jr. Mr. Nemeth has filed numerous pleadings in this case, and is familiar with the issues presented. KISAQ-RQ, through co-counsel Mr. Nemeth, acknowledges its consent to moving party's withdrawal as co-counsel and having Mr. Nemeth remain its sole counsel.

(ECF No. 74 at 2).

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 (N.D. Cal. Dec. 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). District courts ruling upon motions to withdraw as counsel have considered:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Irwin*, 2004 U.S. Dist. LEXIS 28264, at 4.

Upon a review of the record, the Court concludes that there is good cause to grant the motion to withdraw. The Court concludes that withdrawal will not prejudice the litigants or unduly delay resolution of the case as KISAQ-RQ will continue to be represented by David E. Nemeth.

1     IT IS HEREBY ORDERED that the motion to withdraw as counsel (ECF No. 74) is
2 GRANTED.
3  Dated: May 31, 2018

*[signature: William Q. Hayes]*
4                          Hon. William Q. Hayes
5                          United States District Court